UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. LAWRENCE A. SAFFEELS, Defendant. | CR 90-40028-01 **MEMORANDUM OPINON AND ORDER** |

Defendant, Lawrence A. Saffeels ("Saffeels"), is a federal prisoner presently serving a 300-month sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and for possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) & 5871. Pending before the court is Saffeels's Motion to Amend/Correct Sentence. Doc. 109. For the following reasons, Saffeels's Motion to Amend/Correct Sentence is denied.

## BACKGROUND

On March 5, 1992, Saffeels was found guilty by a jury on Count 1 of the indictment charging him with the offense of possession of a firearm by a convicted felon in violation of 18 U.S.G. § 922(g)(1), Doc. 56, and on Count 2 of the indictment charging him possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) & 5871, Doc. 57. On March 30, 1992, Saffeels was sentenced to 360 months imprisonment with "credit for 153 days spent in custody awaiting disposition of th[e] case," followed by 5 years supervised release. Doc. 65.

Saffeels appealed his sentence and the Eighth Circuit Court of Appeals affirmed. Doc. 74. On appeal with the United States Supreme Court, the Supreme Court vacated Saffeels's judgment and remanded to the Eighth Circuit Court of Appeals for further consideration in light of *Stinson v. United States*, 508 U.S. 36 (1993). Doc. 77. Pursuant to the Supreme Court's order, the court of appeals vacated Saffeels's sentence and remanded to the district court for resentencing consistent with *Stinson*. Doc. 79.

On remand, the district court resentenced Saffeels on April 22, 1994, to 300 months imprisonment, followed by 5 years supervised release, Doc. 88, and Saffeels's sentence was affirmed on appeal, Doc. 100.

On August 5, 2019, Saffeels filed a Motion to Amend and Correct Sentence. Doc. 109. Attached to his motion is a printout from the Bureau of Prisons ("BOP") dated July 29, 2019. Doc. 109 at 6. Therein, it shows Saffeels's 300-month sentence and a "total prior credit time" of zero. Doc. 109 at 6.

## DISCUSSION

The Court is unable to grant Saffeels's request for relief at this time. The BOP is the entity that determines when a federal sentence commences and whether a defendant should receive credit for time spent in custody. *See United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004) ("A district court cannot apply [18 U.S.C. §] 3585(b) when sentencing, because computing 'the credit must occur after the defendant begins his sentence.'"); *see also United States v. Hayes*, 535 F.3d 907, 910 (8th Cir. 2008) (holding that only the BOP has the authority to determine when a federal sentence commences under § 3585(b)).

Administrative procedures exist within the BOP to review an alleged failure to credit the time a defendant has served and after properly exhausting these administrative remedies, Saffeels may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241. *See United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006). A section 2241 petition challenging the BOP's execution of a sentence must be filed "in either the district where he is confined, in the United States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office." *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam).

For the above-stated reasons, Saffeels's Motion to Amend/Correct Sentence, Doc. 109, is DENIED without prejudice.

Dated this 4th day of November, 2019.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

2